case, 22-17-15, Jose Troconis-Escovar v. United States and Mr. Johnson. Good morning, Your Honor. I may please the court. Edward Johnson on behalf of Jose Troconis-Escovar. Judge, this case was brought in front of the court to address issues with initiating judicial forfeiture proceedings based on some filings that had been misfiled and we had reached out to the DEA and asked them to use their discretion to amend those filings. They initiated the forfeiture proceedings to forfeit the money and we didn't really have those concerns that we filed or addressed with the district court. Mr. Johnson, other than the alleged mistake in filing a petition for remission instead of a claim challenging the forfeiture, what precisely are the factors that you believe entitle Mr. Troconis-Escovar to equitable relief here? I believe that the fact is that we did notice that we made the mistake. We reached out to the agency, we fixed our mistake, and there's no other way for him to seek relief based off of the law, so those would be the big three factors on that point. So, in other words, any time someone makes a mistake despite being warned by these, you know, letters, we would have to permit this to go forward? Is that the answer? Your Honor, I think specifically what this situation was, if the mistake was within, it was filed correctly within the time frame, but it was just the wrong form, regrettably. But a notably different set of criteria. A claim is not the same thing as a petition for remission, which concedes that the forfeiture was appropriate, throws yourself in the mercy of the agency, and so on. You, and I would like you to address this, on page 8 of your brief, you suggest that there are three factors that might excuse a late filing under CAFRA, good faith attempt, detrimental reliance, time, and resources. The government responds, where does that come from? You know, it's not in the statute, it's not in the case, so I'd like you first to tell me where that does come from, and then I have a deeper concern, which is that the government's fundamental argument is that CAFRA provides a very narrow path for challenging these sorts of things, and the government is claiming that this is a jurisdictional level flaw, and it's not being cranky or anything, it's just not proper to reopen in the way that you are, you know, to redo in the way that you are asking it be redone. The site for that was misplaced, it was 242 Bedsop 2nd District 1 . . . Is this a case that you're citing? Yes, and it fell off, Judge, and I'll follow supplemental on it, but there is, it's a case . . . What do you, I'm sorry, what do you mean it fell off? Like we didn't, we lost the site, Judge, when we were, we didn't realize that we missed it. You lost the site? It got deleted when we were filing it. It got deleted? Yeah, like it was on there, but it was brought up in another . . . So there's a district court decision that you're citing for these three, I mean, which decision and what the district court said and why we need to worry about what the district court said are all questions that come to my mind, but, okay. And the issue under, for your second question, Judge, would be that . . . So I take it's not in your table of authorities either? Right, it just completely didn't make it on the appeal, Judge, and we apologize, we'll file a supplemental regarding that. To address the second question, the point of the actual seizure and the jurisdictional issue, I believe that's what that was. Yes, that's right. I mean, in other words, is the government even authorized to give the relief that you are asking for? We think they are. I think that CAFRA . . . Okay. Go ahead, Judge. I mean, I don't see in CAFRA that kind of authority. I see instead a very limited, notice-based kind of objection you can make. You obviously did have plenty of notice. That wasn't the problem. The problem was you filed the wrong form. But that doesn't mean you didn't know that the money had been seized. You were well aware, and the form seems to have been pretty clear. Bold face, you know, large letters telling you what to file, and you didn't file it. And what we did, in the actual form that we filled out, we did claim the property as having an interest into it. It just was the wrong form. But you might do that in a petition for remission as well if, say, the money had been seized and half of it belonged to a spouse or there was some other reason to reduce the amount of money the government was going to subject to administrative forfeiture. And the website, we did bring up points that the website was confusing. There's two different . . . it all is digitized now, and that it goes into, like, a form filing process where, by the time you can notice what it was, it's confusing and you can't really tell. And it's the same exact forms. If you put them next to each other, it looks identical besides the top of it. But whether or not it's under the criminal procedure and why the court has jurisdiction, we think, has more to do with the government's retention of the property and providing that it has some sort of connection to actually seize the property and our client's rights to find out why it's being retained and to have that. And that's not addressed in the CAFRA, but it is in the procedural rules, and that is the issue that we weren't able to litigate if we lost it through that retention. And that was our argument regarding it when there's parts where our clients do have a right to find out why their property is . . . you know, they presume to have a right to the property being returned to them unless the U.S. . . . It's not unusual that there are a set of ways that you have to proceed if you're going to challenge this sort of thing. You can't just sort of decide tomorrow that you're going to do it. You have to follow the rules. And there are some in that court and then in criminal court or in criminal procedures, they allow you to contest that whether or not if it's been litigated through those channels. And so we would think that that's the only other realm to go in at this point because there isn't a lot of other pathways to take. I'd like you to clarify something for me. This case that fell off, this district court case, I mean, is that case itself argued in your brief? It's cited, Judge. We might decide it is that paragraph on page eight that the other judge brought up. I see. Well, you have the name of it now. Could you just give it to us so that you don't have to . . . We don't have to have . . . It's United States v. 1437 U.S. currency. And the numbers are 242F sub 2D193. And is that in the district? What district is it in? It looks like the Western District of New York. Uh-huh. Okay. Thank you. And I'll just reserve the rest of my time for rebuttal. Thank you. All right. Thank you very much. Okay. Mr. Chmura. May it please the court, counsel? Browners, the district court properly denied appellant's federal rule of criminal procedure 41G motion based on lack of jurisdiction. Court found . . . Can I ask you very quickly so I get it off of my mind? The court dismissed both claims under 41G and Section 983. But at least as to 983, did the court have jurisdiction in that he challenged the notice and such a challenge seems to fall within the statute? Should the dismissal have been one for failure to state a claim rather than for lack of jurisdiction? No, Your Honor. The motion was filed under 41G. The appropriate time to have filed the 41G motion would have been before the administrative forfeiture had taken place. With the administrative forfeiture moving forward, that triggers 983. And the only way to then bring the action into court would to have met that exclusive remedy where here the claimant could not do that. The court found the civil asset forfeiture . . . So you're saying this is a jurisdictional rule, and I'm reflecting that the Supreme Court has been on a lengthy project of recharacterizing things that we used to think of as jurisdictional rules as mandatory claims processing rules. And certainly if the government stands on its rights for mandatory claims processing rule, then the difference isn't a big one, you know, because it needs to be enforced. But the government does have some discretion. So take like a late notice of appeal in a criminal case. The government has some discretion to allow the error to go forward and ignore it. And I think what you're being asked here is why didn't you show some lenience when this mistakenly labeled document was filed? The DEA does not have leniency or honor in regards to the deadline. They have to follow the statute. And here, as has already been pointed out, a claim was not filed. A petition for remission was filed. So there really was nothing to indicate to DEA that there was anything to review this as a claim in any way. Does the petition for remission or do petitions for remission ordinarily include some brief statement of the grounds why the person thinks remission is in order? I can't speak to all, but yes, in some, Your Honor, they do. And as was indicated before, you can put into a petition for remission a claim for ownership. So putting in a claim for ownership would not tip off DEA that this should be reviewed as a claim in any way. There was nothing to suggest that. Well, and the court invited Mr. Draconis Escobar to supplement the petition for remission, didn't it? Didn't it say, you know, let us know if you have any other things you want to say about why this should be remitted? You mean the DEA? Yes, that is correct. Yeah, yeah. I thought the court, I may not find it right away, but I thought the court had said something to that effect. I apologize, Your Honor. The court may have as well. I just know the DEA did reach out to the appellant and asked them for any supplemental information. Right. And gave them another 30 days, right? That's right. That's right. That's what I'm thinking. Yeah. Hmm. One housekeeping matter before I finish. The court should know that another case with nearly identical issues was argued yesterday. Yesterday. Right. Wilson against United States. That is correct, Your Honor. We just want to make you aware. 22-2087. That is correct. Unless the court has any further questions, we ask you affirm the district court's decision. Thank you. Thank you. Thank you very much. Okay. Mr. Johnson. You argued the Wilson appeal as well, did you? Yes. Yes, we did, Judge. Those facts are a little bit different. There wasn't the late filing, like in this case by the DEA, or the late notice. That's a little factually different. It's not late. I mean, Judge Pallmeyer, in her capacity as Chief Judge of the district, extended a great number of filing deadlines in light of COVID. I was surprised you didn't mention that in your brief. Well, that was just . . . we think a little . . . That has to do with that extension, but it would be outside of the really narrow-minded CAFRA extensions. That would be an argument you could make if you raised the point, but the fact is Judge Pallmeyer took that action. Deadlines were affected, again, a great number of things. We all muddled our way through COVID. We still are. We still are, exactly. I found it a little troubling that you didn't have a more open discussion of that in the brief. We could supplement that as well, Judge Wood. We would say, though, that the DEA does have discretion. They could have extended it. That's something that really isn't that hard for them to do. There's policy books that discuss from the Department of Justice about the discretion for them to be able to allow that claims to be filed. In their latest one, there's page 84 talks about it. We can file that with our supplemental with that site. They have exact chapters talking about resolving disputes with content and forms. This isn't a new thing that they haven't handled, and they could have done it in this case. Thank you. Thank you very much to both parties. Thank you for your advisement.